IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN RANDY MILLER, | No. CIV S-08-1331-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| RENDON, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

Plaintiff names three defendants: Rendon, Swett, and Hazewood. He claims that he has been physically attacked by defendant Swett on "more than one occasion." As to defendant Rendon, plaintiff alleges that he "orders officer Swett & others to assault me and degrade me beyond measure" and "to take my veg. lunches." Finally, as to defendant Hazewood, plaintiff claims that "Officer Hazewood gets my meals taken from me by Swett."

///

1  The complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).[1]  If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs.  Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order.  Plaintiff is warned that failure to comply with this order may result in dismissal of the action.  See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1.  The court authorizes service on the following defendant(s):

   RENDON,

   SWETT, and

   HAZEWOOD;

2.  The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the complaint; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] The court notes that, according to plaintiff's complaint, plaintiff has not exhausted his administrative remedies.  However, because exhaustion is not a jurisdictional requirement for bringing suit, see Rumbles v. Hill, 182 F.3d 1064, 1070 (9th Cir. 1999), and because failure to exhaust is an affirmative defense which can only be raised by defendants, see Wyatt v. Terhune, 315 F.3d 1108, 1117-18 (9th Cir. 2003), dismissal at this time for failure to exhaust is not appropriate.

3. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a.    The completed Notice of Submission of Documents;

    b.    One completed summons;

    c.    Three completed USM-285 form(s); and

    d.    Four copies of the endorsed complaint.

DATED: September 12, 2008

                                            _____
                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE

|   |
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

GLENN RANDY MILLER,                     No. CIV S-08-1331-CMK-P

        Plaintiff,

   vs.

RENDON, et al.,

        Defendants.

_____/

<u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

    Plaintiff hereby submits the following documents in compliance with the court's order:

      <u> 1 </u>      completed summons form;

      <u>    </u>      completed USM-285 form(s); and

      <u>    </u>      copies of the complaint.

DATED: _____           _____
                                                                         Plaintiff